## Vento v. Pittsburgh Railways Co.

*James P. McArdle*, for plaintiff.

*Parker, Evashwick & Brieger*, for defendant.

MONTGOMERY, J., May 26, 1955.—This case arises upon defendant's objection to additional interrogatories filed in behalf of plaintiff in the above captioned matter. The first additional interrogatory reads as follows:

"State the names and addresses of all passengers on the streetcar upon which minor plaintiff was a passenger at the time and on the date of the accident complained of, who are known to the defendant or its counsel."

Objections were made to this interrogatory on the ground that it is in violation of Rule 4011, Rule 4012, and Rule 4007 of the Pennsylvania Rules of Civil Procedure and not within the scope of Rule 4006 and Rule 4007 of the Pennsylvania Rules of Civil Procedure.

It appears that the principal question involved is the determination of the scope of rule 4007 (a), which reads as follows:

"(a)  Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of *the identity and whereabouts of witnesses.*" (Italics supplied.)

It is contended here by defendant that the persons whose names are requested in the disputed interrogatory are not all "witnesses" within the meaning of the above provision. Defendant argues that this provision only requires defendant to reveal the names of persons whom defendant *knows* observed or witnessed the accident; while plaintiff insists that the interrogatory properly encompasses anyone who was present in the vicinity of the accident and who *might* have knowledge of the circumstances thereof.

Although there is little case law on this particular question at the present time, an examination of the rules of discovery would seem to indicate that the term "witnesses" as used in rule 4007 contemplates the broader meaning as propounded by plaintiff. It is significant that rule 4007($a$) permits the discovery of the "whereabouts" of witnesses. The provision is discussed in Goodrich Amram, Rules of Civil Procedure, vol. 3, page 97, as follows:

"If the purpose of the discovery was limited to giving the names of the persons whom the opponent intended to call at the trial, their whereabouts would be relatively unimportant. The inquirer would know that the witness would be at the trial, and that he need not subpoena him. But if the purpose of the discovery is to ascertain the names of persons, unknown to the inquirer, who might know relevant facts about the matter, their whereabouts is as vital as their names. The purpose of the inquiry is to find out who they are and where they are, so that they may be interviewed in advance and, if necessary, their depositions formally taken."

Such an interpretation has been given support in Bradley v. P. T. C., 87 D. & C. 548 (1954), an action against a transportation company for a sudden stop injury, where the court held that a plaintiff is entitled to discovery of the names of all employes of defendant who are present at the time of the accident although they did not necessarily *witness it*. And, in the same case, the court allowed interrogatories as to the names and addresses of other persons, if any, who also claim damage as a result of the same occurrence.

The foregoing reasoning convinces this court that the first additional interrogatory filed by plaintiff in the present controversy is within the scope of rule 4007($a$) and an order will be drawn dismissing defendant's objection thereto.

The second objection filed by defendant is no longer in controversy since the name and address of the operator of the streetcar involved had already been given to plaintiff in response to another interrogatory.

*Order of Court*

And now, May 26, 1955, upon consideration of plaintiff's additional interrogatories and the objections filed thereto, it is ordered and decreed that defendant's objections to the additional interrogatories be and are hereby dismissed.

Eo die exception noted to defendant.